# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| **David Stille,**  *Plaintiff*,  v.  **FactorTrust, Inc.,**  *Defendant*. | Case No: 6:24-cv-1377  **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, **David Stille** ("**Mr. Stille**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **FactorTrust, Inc.** ("**FactorTrust**") stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Stille against the Defendant for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. The Defendant is subject to the jurisdiction of this Court pursuant to § 48.193(1)(a)(1), Fla. Stat., and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida because the acts complained of were committed and/or caused by the Defendant within Orange County, which is in the Middle District.

## PARTIES

5. **Mr. Stille** is a natural person residing in Orlando, Orange County, Florida.

6. Mr. Stille is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7. FactorTrust is a Delaware limited liability company with a principal business address of Post Office Box 3653, Alpharetta, GA, 30023.

8. FactorTrust's Delaware registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

9. FactorTrust is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

10. Sometime prior to December 2014, FactorTrust began maintaining a credit file on Mr. Stille.

11. Around July 30, 2019, FactorTrust incorporated a tradeline reported by "North Star Finance LLC dba North Cash," indicating that there was a $900 loan outstanding with a "high credit/limit" of $1,997, and that the loan was originated on June 10, 2019. **SEE PLAINTIFF'S EXHIBIT A.**

12. Around August 2, 2019, FactorTrust incorporated a tradeline reported by "Niiwin, LLC d/b/a Lendgreen," indicating that there was a $900 loan outstanding with a current balance of $1,341, a "high credit/limit" of $1,997 and that the loan was originated on June 10, 2019. *Id.*

13. Mr. Stille never had obtained any loan from Lendgreen.

14. As explained in more detail below, both the North Cash and Lendgreen were beneficially operated by the same company, Vivus Servicing, Ltd., based in Ontario, Canada.

15. Both North Cash and Lendgreen were short-term online payday lenders which made loans to consumers at interest rates exceeding 700% annually from the websites www.northcash.com and www.lendgreen.com.

16. Almost every state in the Union prohibits consumer lending at 700% interest rates, with many, including Florida, rendering such loan terms to be criminally sanctionable.

17. Even the handful of states with no *per se* cap on usury, such as Utah, prohibit loans made at unconscionable rates.

18. North Cash was purportedly owned and operated by the Fort Belknap Indian Community ("Fort Belknap Tribe") through a tribally-created corporation, North Star Finance, LLC.

19. Lendgreen was purportedly operated by the Lac du Flambeau Band of Lake Superior Chippewa Indians (the "LDF Tribe") in Lac du Flambeau, Wisconsin.

20. For all practical intents and purposes, both lending operations were run by Vivus Servicing, Ltd., a Canadian company based in Ontario whose parent company, 4finance Holding S.A., a *societe anonyme* with a registered office in Luxembourg.

21. At the time the North Cash loan was allegedly made to Plaintiff, the majority shareholder in 4finance Holding S.A. was Oleg Viktrovich Boyko, whom *Forbes* ranked as the 75th wealthiest Russian alive while noting his ties to the former KGB.

22. Because of erroneous and duplicative reporting, FactorTrust's report claimed there was an aggregate $3,338 debt owed to North Cash and, even though Mr. Stille did not obtain *two* loans from North Cash and Lendgreen.

23. FactorTrust knew or should have known that the tradelines were duplicates since FactorTrust conducts extensive due-diligence on new subscribers and furnishers of information, and was well aware Vivus Servicing, North Cash and Lendgreen were one and the same.

24. Moreover, FactorTrust is keenly aware of systemic flaws in its automated systems which results in phantom, duplicate tradelines when the same owner, e.g. Vivus Servicing, operates two or more different lenders.

25. The net result is a highly inaccurate report, since any reasonable reader of it would conclude loan balances were owed to both North Cash and Lendgreen.

26. Despite FactorTrust knowing of these flaws for years, it has done nothing to correct what is almost certainly tens of thousands of consumer's credit reports, including Plaintiff's.

27. Vivus Servicing terminated its "rent-a-tribe" lending platforms around April 2020, and shut down both North Cash and Lendgreen.

28. Vivus Servicing stopped furnishing new data to FactorTrust by the end of 2020.

29. The fact that FactorTrust accepted clearly-duplicate reports from a source of data which, even in a light most favorable to FactorTrust, originated from a less-than-reputable source, demonstrates FactorTrust's lack of regard for compliance with its obligations under the FCRA, especially considering its own systems likely were contributory to the phantom Lendgreen tradeline appearing.

30. The FCRA is clear in its requirement that FactorTrust, as a CRA, is required to prepare accurate reports:

> Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

31. FactorTrust was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Stille.

32. FactorTrust was thus aware that when it sold reports on Mr. Stille in after April 2020 that, under a best-case scenario, it was selling data on a loan which had bi-weekly loan terms which concerned a foreign company that terminated business in the United States in April 2020 and frequently reported duplicate accounts under more than one name.

33. Even after this issue being brought to its attention via litigation, FactorTrust continued to report the duplicate tradelines to Plaintiff's credit report, as well as, presumably, tens of thousands of other consumers as well.

34. These facts alone establish that FactorTrust lacks reasonable procedures designed to ensure maximum possible accuracy of the reports it sells as such data could not reasonably be trusted.

35. This duplicate-reporting issue remained undetected for nearly five years; or, in the more likely alternative, the issue is known to FactorTrust and it simply has not invested the time and money in fixing the problem.

36. In either scenario, FactorTrust has no reasonable procedure in place to prevent obvious duplicate accounts from appearing throughout a consumer's credit history.

37. Critically, the amount of debt in collection adversely affects the consumer's debt-to-income ratios as well as credit scores.

38. FactorTrust has sold at least twenty-four (24) consumer reports regarding Mr. Stille which included blatantly false information, *e.g.*, the duplicated North Cash/Lendgreen tradelines. **SEE PLAINTIFF'S EXHIBIT A.**

39. As a result of the Defendant's actions, Mr. Stille has suffered damages, including lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to his reputation.

40. Mr. Stille has hired this law firm to represent his in this matter and has assigned the firm his right to fees and costs.

## COUNT I
## WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)

41. Mr. Stille adopts and incorporates paragraphs 1 – 40 as if fully stated herein.

42. FactorTrust violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Mr. Stille when FactorTrust sold consumer reports containing information which, in addition to coming from a highly dubious, unverifiable source, was duplicated.

43. FactorTrust has been sued on numerous occasions for the identical issue and is well aware of the problem, but has done nothing to correct it.

44. FactorTrust's conduct was thus willful or done with a reckless disregard for Mr. Stille's rights under the FCRA.

45. As a result of its conduct, FactorTrust is liable to Mr. Stille pursuant to the FCRA for the greater of Mr. Stille's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Stille respectfully requests this Honorable Court enter judgment against FactorTrust for:

a. The greater of Mr. Stille's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

46. Mr. Stille adopts and incorporates paragraphs 1 – 40 as if fully stated herein.

47. FactorTrust violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Mr. Stille when FactorTrust sold consumer reports containing information which, in addition to coming from a highly dubious, unverifiable source, was duplicated.

48. FactorTrust owed Mr. Stille a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of its consumer reports regarding Mr. Stille.

49. FactorTrust breached this duty when it sold consumer reports containing an account which was obviously duplicated and resulted from flaws in its software well-known to FactorTrust.

50. FactorTrust thus acted negligently, and Mr. Stille is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Stille respectfully requests this Honorable Court enter judgment against FactorTrust for:

a. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on July 18, 2024 by:

**SERAPH LEGAL, P. A.**
/s/ *Bridget L. Scarangella*
Bridget L. Scarangella, Esq.
Florida Bar No.: 1022866
BScarangella@seraphlegal.com
2124 West Kennedy Boulevard, Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**

A      **Plaintiff's FactorTrust Consumer Disclosure, June 28, 2024- Excerpts**